THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN B. FAUNCE, PLAINTIFF IN ERROR.

Argued July 5, 1917—Decided October 11, 1917.

On writ of error to the Supreme Court, in which the following *per curiam* was filed:

"The plaintiff in error, together with one Clarence P. Whitman and others, was indicted for the crime of conspiracy, the charge in the indictment being a fraudulent agreement to cheat and defraud the Roseville Trust Company out of $28,487. Faunce and Whitman were tried together and were both convicted and each of them has brought his conviction into this court for review.

"Most of the grounds of reversal upon which the present plaintiff in error seeks to have the conviction set aside have been considered and disposed of by us in an opinion filed in

the case of State *v.* Whitman at the present term. Those which do not appear in the case referred to will be dealt with in a few words.

"First, it is claimed that the trial judge erred in refusing to direct a verdict of acquittal for the defendant Faunce, because the facts relied upon by the state were more consistent with his innocence than with his guilt. This contention may be disposed of by saying that no such ground was suggested to the trial court as a basis for the judicial action asked for, and, consequently, it cannot be considered here as a reason for condemning the court's refusal of the application. Moreover, a mere statement of the proposition shows that the determination of the matter embraced in it was one to be settled by the jury and not by the trial court.

"The only other contention which is of sufficient merit to deserve notice, and which has not already been disposed of in our opinion in the Whitman case, is that the Essex Oyer and Terminer had no jurisdiction over the offence charged against the defendant Faunce, and that a verdict of acquittal should have been directed on that ground. The pith of this contention is, that prior to and during the whole period of the continuance of the conspiracy Faunce was a resident of the city of New York; that he never was in New Jersey taking part in the doing of any overt act in furtherance thereof; and that all acts charged against him were made and performed in the State of New York and not in the State of New Jersey. So far as the doing of overt acts in the execution of the conspiracy was concerned, there was some testimony (that of Smith, the treasurer of the trust company) tending to show that after the conspiracy had been entered into Faunce was personally present at the bank in Newark, and there presented checks for payment. This made the question of his performing an overt act, in pursuance of the conspiracy within the jurisdiction, one to be determined by the jury. But, more than this, there was abundant evidence that Faunce drew checks upon the Roseville Trust Company against an exhausted bank account, and that these checks were honored

upon presentation. In fact, he himself so stated on the witness-stand, and said that they were at all times given for a *bona fide* consideration. This being so, the presentation of these checks to the bank for payment were the acts of innocent agents of the defendant, and it is entirely settled in this jurisdiction that where an absentee commits a crime by the hands of an innocent agent, such absentee is liable in the county whose laws he infringed. *State* v. *Wyckoff*, 31 *N. J. L.* 65; *Noyes* v. *State*, 41 *Id.* 418.

"Considering the grounds of reversal to be without legal merit, the judgment under review will be affirmed."

For the defendant in error, *J. Henry Harrison*, prosecutor; *Wilbur A. Mott*, assistant prosecutor, and *John A. Bernhard*.

For the plaintiff in error, *McCarter & English*.

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ.   9.

*For reversal*—None.